Clayton L. Everett, Texas State Bar No. 24065212
NORRED LAW, PLLC | 515 E. Border Street | Arlington, Texas 76010
Phone: (817) 704-3984 | clayton@norredlaw.com
Attorney for Creditor Legacy Concepts

# United States Bankruptcy Court
Northern District of Texas
Fort Worth Division

| | |
|---|---|
| In re:<br>Arthur Ray Benner,<br><br>Debtor. | Case No. 25-44673-elm13<br><br>Chapter 13 |
| Legacy Concepts,<br>Movant,<br><br>v.<br><br>Arthur Ray Benner, Debtor, and Pam Bassel,<br>Chapter 13 Trustee,<br>Respondents. | A Contested Matter<br><br>Preliminary Hearing Date:<br>*February 11, 2026, at 9:30 a.m.* |

**CREDITOR LEGACY CONCEPTS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR RELIEF FROM THE CODEBTOR STAY REGARDING UNIMPROVED REAL PROPERTY IN CLARKSVILLE, TEXAS**

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT OR BEFORE CLOSE OF BUSINESS ON JANUARY 28, 2026, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

Legacy Concepts ("Movant" or "Legacy") files this Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. § 362(d) and for relief from the codebtor stay pursuant to 11 U.S.C. § 1301(c), and respectfully states as follows:

## BACKGROUND

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157, 1334 and 11 U.S.C. § 362. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G). Venue is proper in this district under 28 U.S.C. § 1408.

2. On January 8, 2021, Debtor Arthur Ray Benner and non-filing co-debtor Tammy Evans-Benner (collectively, the "Borrowers") executed a Real Estate Lien Note in favor of Movant in the original principal amount of $70,000.00, bearing interest at 8% per annum ("Loan").

3. The Note is secured by a valid, perfected vendor's lien and deed of trust encumbering approximately 24.01 acres of unimproved real property described as 24.01 acres, Peirman, George, No. 672, Red River County FM 1159, Clarksville, Texas ("Property").

4. The Note matured on January 6, 2025. Upon maturity, all unpaid principal, accrued interest, fees, and charges became immediately due and payable.

5. The Borrowers failed to pay the Note at maturity and were in default for several months prior to the filing of this bankruptcy case.

6. The Debtor filed this Chapter 13 case on December 1, 2025.

7. Movant has not received any payments post-petition, including payments due for December 2025 or January 2026.

8. As of December 23, 2025, the total payoff amount owed to Movant was $86,930.91, exclusive of additional post-petition interest, fees, and costs.

9. According to appraisal district records, the Property has a market value of approximately $87,134.

10. The Debtor's proposed Chapter 13 plan does not provide for payment of any arrearage owed to Movant and proposes that any ongoing payments be made directly to Movant, despite the fact that the Note fully matured pre-petition.

## RELIEF REQUESTED FROM THE AUTOMATIC STAY

11. Cause exists for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

12. The secured obligation matured prior to the petition date and remains unpaid. The Debtor is not providing adequate protection to Movant, and Movant continues to suffer diminution in its collateral position as interest accrues without payment.

13. Relief is also warranted under 11 U.S.C. § 362(d)(2) because: a. The Debtor has no equity in the Property, as the debt owed to Movant equals or exceeds the Property's value; and b. The Property is not necessary to an effective reorganization. The Property is non-residential real property, the debt fully matured pre-petition, and the Debtor lacks the financial ability to cure the default or service the debt through the plan.

## RELIEF REQUESTED FROM THE CODEBTOR STAY

14. Tammy Evans-Benner is jointly liable on the Note as a co-maker and is protected by the co-debtor stay imposed by 11 U.S.C. § 1301(a). Tammy Evans-Benner executed the Note as a co-maker and received the benefit of the loan proceeds used to acquire the Property.

15. Relief from the codebtor stay is appropriate under 11 U.S.C. § 1301(c) because: (a) The plan filed by the Debtor does not propose to pay Movant's claim in full; (b) The Debtor has failed to make post-petition payments and cannot feasibly service the matured debt; and (c)

Continuation of the co-debtor stay would irreparably harm Movant by preventing enforcement of its contractual and in rem rights.

16. Movant therefore seeks relief from the codebtor stay to pursue its rem rights and remedies against Tammy Evans-Benner, including foreclosure of the Property.

WHEREFORE, the Movant Legacy respectfully requests the Court to enter an order granting relief from the automatic stay for cause under § 362(d)(1), to permit Movant to enforce its lien rights, including foreclosure, with respect to the Property; grant relief from the codebtor stay under § 1301(c) as to Tammy Evans-Benner; confirm that Movant may proceed under applicable nonbankruptcy law without further order of this Court; waive the 14-day stay of enforcement under the Rule 4001(a)(3); and grant Movant such other and further relief to which it may be justly entitled.

Respectfully submitted:

NORRED LAW, PLLC

By: __/s/ Clayton L. Everett____
Clayton L. Everett
Texas State Bar No. 24065212
clayton@norredlaw.com
515 E. Border St., Arlington, Texas 76010
Telephone: (817) 704-3984
Attorney for the Movant

**CERTIFICATE OF CONFERENCE**

On January 9, 2026, I contacted counsel for Debtor, James Harlan, and counsel informed me that the Debtor is opposed to the relief requested.

/s/ Clayton L. Everett

## CERTIFICATE OF SERVICE

       I hereby certify that on January 14, 2026, a true and correct copy of the above motion shall be served via electronic means, if available, otherwise by regular, first-class mail, to:

*Via CM/ECF to Counsel for Debtor(s)*: James I. Harlan, 4364 Western Center Blvd, Ste 222, Fort Worth, TX 76137

*Via US Mail to Debtor(s)*: Arthur Ray Benner, 7728 Marble Canyon Dr. Fort Worth, TX 76137

Via US Mail to Codebtor: Tammy Evans-Benner, 7728 Marble Canyon Dr. Fort Worth, TX 76137

*Via CM/ECF to Chapter 13 Trustee:* Pam Bassel, 860 Airport Freeway, Suite 150, Hurst, TX 76054

*Via CM/ECF to US Trustee*: United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75202

                                                 */s/ Clayton L. Everett*
                                                 Clayton L. Everett