Russell A. Devenport
Texas Bar No. 24007109
H. Dustin Fillmore IV
Texas Bar No. 24105858
MCDONALD SANDERS, P.C.
777 Main Street, Suite 2700
Fort Worth, Texas 76102
Telephone:     (817) 336-8651
Facsimile:     (817) 334-0271

ATTORNEYS FOR CREDIT UNION OF TEXAS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-44673 |
| | § | |
| ARTHUR RAY BENNER, | § | CHAPTER 13 |
| | § | |
| DEBTOR. | § | |

**OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**

NOW COMES Credit Union of Texas ("Creditor"), a secured creditor in the above-entitled and numbered bankruptcy proceeding, and files this Objection to Confirmation of Debtor's Chapter 13 Plan (ECF #17) (the "Plan"), and in support thereof would respectfully show the Court the following:

**Factual Background**

1.  Creditor is the holder of a secured claim against Debtor Arthur Ray Benner ("Debtor") in connection with a certain Loan and Security Agreements and Disclosure Statement dated May 9, 2022 ("Chevrolet Contract"), signed by Debtor as borrower, and secured by a 2019 Chevrolet Silverado 1500 (VIN 1GCPYFED1KZ299972) ("Chevrolet Vehicle"). Pursuant to the Chevrolet Contract, Creditor loaned Debtor an original principal amount of $48,685.35, bearing interest at 6.990% per annum, to be paid in seventy-seven (77) monthly payments of $843.25 each, with a final payment of $842.82 due on December 22, 2028, for seventy-eight (78) total

payments. *See* Exhibit A, Chevrolet Contract. The Chevrolet Contract also contains a security agreement, pursuant to which Debtor granted Creditor a security interest in the Chevrolet Vehicle to secure his compliance with the Chevrolet Contract. *See id.* at 3–5. Creditor's lien on the Chevrolet Vehicle has been perfected by notation of lien on the Texas Certificate of Title. *See* Exhibit B, Title and Registration Verification of the Chevrolet Vehicle.

2.      Creditor is also the holder of a secured claim against Debtor in connection with a further Loan and Security Agreements and Disclosure Statement dated July 7, 2022 (the "Polaris Contract"), signed by Debtor and non-debtor Lora Lynn Swain as borrowers, and secured by a 2018 Polaris Slingshot SLR (VIN 57XAARFA4J8127317) (the "Polaris Vehicle"). Pursuant to the Polaris Contract, Creditor loaned Debtor and non-debtor Lora Lynn Swain an original principal amount of $32,260.61, bearing interest at 9.740% per annum, to be paid in seventy-seven (77) monthly payments of $667.99 each, with a final payment of $667.76 due on February 11, 2029, for seventy-eight (78) total payments. *See* Exhibit C, Polaris Contract. The Polaris Contract also contains a security agreement, pursuant to which Debtor and non-debtor Lora Lynn Swain granted Creditor a security interest in the Polaris Vehicle to secure their compliance with the Polaris Contract. *See id.* at 3–5. Creditor's lien on the Polaris Vehicle has been perfected by notation of lien on the Texas Certificate of Title. *See* Exhibit D, Title and Registration Verification of the Polaris Vehicle.

3.      Creditor is the owner and holder of the Chevrolet Contract and the Polaris Contract and is entitled to receive all payments due and owing thereunder and to enforce the terms thereof.

4.      As of the bankruptcy filing date of December 1, 2025 (the "Petition Date"), Creditor's secured claim regarding the Chevrolet Vehicle was in the amount of $39,017.71,

including past due amounts of $1,686.50, as shown by Creditor's Proof of Claim related to the Chevrolet Vehicle filed in this case. *See generally* Claims Register No. 6-1. Further, as of the Petition Date, Creditor's secured claim regarding the Polaris Vehicle was in the amount of $24,895.69, as shown by Creditor's Proof of Claim related to the Polaris Vehicle filed in this case. *See generally* Claims Register No. 7-1. Interest, late fees, and attorney's fees and expenses have continued to accrue after the Petition Date, however, and Creditor reserves all rights to collect such amounts.

5. Debtor identifies Creditor as a secured creditor in connection with only the Chevrolet Vehicle in his schedules and does not mention the Polaris Vehicle. *See* Schedule A/B at line 3.1 (ECF #14-1); Schedule D at line 2.2 (ECF #1-2); *see generally* Schedule A/B (ECF #14-1); Schedule D (ECF #1-2).

6. Debtor further mentions Creditor's claim related to only the Chevrolet Vehicle in his Plan. Specifically, the Plan references a claim of Creditor in the amount of $2,400.00 regarding the Chevrolet Vehicle in Section I.E(1)A (despite scheduling such claim at $38,649.32 in his schedules), stating the value of the Chevrolet Vehicle as $500.00 (despite valuing it at $10,000.00 and $38,273.92 in his schedules), with the secured portion of Creditor's claim to be paid at an interest rate of 5.00% (but with no monthly payment amounts specified) and the unsecured portion of Creditor's claim to be addressed under Section I.J of the Plan. *See* Plan at Sections I.E(1)A, II.E(1). Section G of the Plan further references a claim of Creditor in the amount of $17,000.00 regarding the Chevrolet Vehicle to be paid directly by Debtor pursuant to the terms of the Chevrolet Contract. *See id.* at Section I.G. Debtor also references an executory contract or unexpired lease involving Creditor at Section I.K of the Plan, but Creditor is unsure

what this relates to. *See id.* at Section I.K. The Plan does not mention the Polaris Vehicle or Creditor's related claim. *See generally id.*

## **Objections to Plan Confirmation**

7. Creditor makes the following objections to the Plan:

    a. <u>Valuation of Collateral (Chevrolet Vehicle)</u>. Creditor objects to the Plan because it understates the value of the Chevrolet Vehicle as $500.00, resulting in an overstated unsecured portion of Creditor's secured claim. See Plan at Sections I.E(1)A, II.E(1). Specifically, the materials filed in support of Creditor's related Proof of Claim reflect that the Chevrolet Vehicle is valued at $31,550.00, which would result in Creditor's claim being further secured, commensurately reducing the unsecured portion of Creditor's claim. See Claims Register No. 6-1 at J.D. Power Vehicle Information Page.

    b. <u>Interest Rate (Chevrolet Vehicle)</u>. Creditor objects to the Plan because the interest rate of 5.00% in connection with Creditor's claim secured by the Chevrolet Vehicle does not comply with the "prime-plus" approach for interest under 11 U.S.C. § 1325(a)(5)(B) pursuant to *Till v. SCS Credit Corp*. *See* 541 U.S. 465 (2004) (holding in a plurality opinion that the appropriate interest rate to be applied under 11 U.S.C. § 1325(a)(5)(B) is the "formula" or "prime-plus" rate); *Drive Fin. Servs., L.P. v. Jordan*, 521 F.3d 343 (5th Cir. 2008) (affirming the bankruptcy court's application of the prime-plus rate to payments under a Chapter 13 plan). Under *Till* and Fifth Circuit precedent, "all secured creditors are entitled to interest at the

Till rate, which is the nationally recognized prime rate . . . plus a risk enhancement[,] generally recognized to be between 1% and 3%." *In re Stringer*, 508 B.R. 669, 678 (Bankr. N.D. Miss. 2014) (citing *In re Tex. Grand Prairie Hotel Realty, L.L.C.*, 710 F.3d 324, 332 (5th Cir. 2013)). The current prime rate is 6.75%, meaning the appropriate Till rate should be between 7.75% and 9.75%.

    c.    <u>Equal Payments (Chevrolet Vehicle)</u>. Creditor objects to the Plan because it provides for payment of Creditor's claim secured by the Chevrolet Vehicle under Section I.E(1)(A) but does not specify equal monthly payments to pay such claim. *See* Plan at Section I.E(1)(A). Under 11 U.S.C. § 1325(a)(5), periodic payments distributed with regard to secured claims must be in equal monthly amounts. *See* 11 U.S.C. § 1325(a)(5)(B)(iii)(I); *see also In re White*, 564 B.R. 883, 887–88 (Bankr. W.D. La. 2017); *In re Romero*, 539 B.R. 557, 559–60 (Bankr. E.D. Wis. 2015).

    d.    <u>Failure to Include Claim Regarding 2018 Polaris Vehicle.</u> Creditor objects to the Plan because it does not include or account for Creditor's secured claim in connection with the Polaris Contract and Polaris Vehicle whatsoever, as described above. Creditor's claim secured by the Polaris Vehicle should be addressed under Section I.E(1)(A) of the Plan, providing for equal monthly payments.

WHEREFORE, PREMISES CONSIDERED, Creditor Credit Union of Texas prays that confirmation of the Debtor's Chapter 13 Plan be denied, or in the alternative, the Debtor's

Chapter 13 Plan be modified to properly value the Chevrolet Vehicle, provide for an appropriate interest rate therewith, and to provide for equal monthly payments of the secured portion of such claim, as well as to include Creditor's secured claim in connection with the Polaris Vehicle, as described above. Creditor additionally prays for such other and further relief to which it may be entitled.

Dated: January 23, 2026.

          Respectfully submitted,

          */s/ H. Dustin Fillmore IV*
          Russell A. Devenport
          Texas Bar No. 24007109
          H. Dustin Fillmore IV
          Texas Bar No. 24105858
          McDONALD SANDERS, P.C.
          777 Main Street, Suite 2700
          Fort Worth, Texas 76102
          (817) 336-8651 telephone
          (817) 334-0271 facsimile
          rad@mcdonaldlaw.com
          hdf@mcdonaldlaw.com

          ATTORNEYS FOR
          CREDIT UNION OF TEXAS

## **CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the foregoing document has been served upon all parties in interest below by first class mail or electronic notice and upon any others requesting and receiving notice through the ECF system.

                                                    */s/ H. Dustin Fillmore IV*
                                                    H. Dustin Fillmore IV

**DEBTOR (via First Class Mail)**
Arthur Ray Benner
7728 Marble Canyon Dr
Fort Worth, TX 76137

**DEBTOR'S COUNSEL (via Electronic Notice)**
Sean Acker
Acker Warren, P.C.
2205 W. Division St., Suite A-2
Arlington, TX 76012

**CHAPTER 13 TRUSTEE (via Electronic Notice)**
Pam Bassel
Office of the Standing Chapter 13 Trustee
860 Airport Freeway, Suite 150
Hurst, Texas 76054

I:\10985\0201\18D3239.DOC