

**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON
THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 12, 2026**

_____
**United States Bankruptcy Judge**
_____

## United States Bankruptcy Court
### Northern District of Texas
### Fort Worth Division

| | |
|---|---|
| In re:<br>Arthur Ray Benner,<br><br>Debtor.<br><br>Legacy Concepts,<br>Movant,<br><br>v.<br><br>Tammy Evans-Benner,<br>Co-Debtor Respondent. | Case No. 25-44673-elm13<br><br>Chapter 13<br><br><br>*A Contested Matter*<br><br>*Preliminary Hearing Date:*<br>*February 11, 2026, at 9:30 a.m.* |

### ORDER GRANTING CREDITOR LEGACY CONCEPTS' MOTION FOR RELIEF FROM THE CODEBTOR STAY

CAME ON FOR CONSIDERATION the Motion for Relief from Automatic Stay and for Relief from the Codebtor Stay Regarding Unimproved Real Property in Clarksville, Texas ("Motion") filed by Legacy Concepts ("Movant"). In relation to the request for relief from the co-debtor stay as to Tammy Evans-Benner ("Co-Debtor"), the Court, having reviewed the Motion, the Declaration of George Hancock, and there being no response by the Co-Debtor or any

other party in interest in opposition, finds that good cause exists for the relief requested:

It is therefore **ORDERED, ADJUDGED, AND DECREED** that:

1. The codebtor stay imposed by 11 U.S.C. § 1301(a) is MODIFIED as to Co-Debtor Tammy Evans-Benner to permit Movant to pursue any and all of its rights and remedies under contract and applicable nonbankruptcy law against Co-Debtor in relation to the Property (as defined in the Motion).

2. The fourteen-day stay of enforcement provided by Federal Rule of Bankruptcy Procedure 4001(a)(4) is WAIVED.

### END OF ORDER ###