Case 25-44673-elm13    Claim 56-3 Part 3 Filed 02/24/26    Entered 02/24/26 17:07:05    Page 1 of 5
Case 25-44673-elm13    Claim 56-1 Filed 12/16/25 Entered 12/16/25 17:07:05    Page
Exhibit Deed of Trust    Page 1 of 5

Movant's Exhibit C

2402
Prepared by the State Bar of Texas for use by lawyers only.
Revised 10/85; 12/87.
©1987 by the State Bar of Texas

# DEED OF TRUST

Date:    **January 8, 2021**

Grantor: **Arthur Benner and wife, Tammy Evans- Benner**

Grantor's Mailing Address (including county):

    **6533 Amundson Rd.**
    **North Richland Hills, Tarrant County, TX 76182**

Trustee:    **R. E. Gooding**

Trustee's Mailing Address (including county):

    **228 North Walnut**
    **Clarksville, Red River County, TX 75426**

Beneficiary: **Legacy Concepts, a Texas nonprofit corporation**

Beneficiary's Mailing Address (including county):

    **1018 Creekwood Dr.**
    **Garland, Rockwall County, TX 75044**

Note(s)
    Date:    **January 8, 2021**

    Amount:    **$70,000.00**

    Maker:    **Arthur Benner and wife, Tammy Evans- Benner**

    Payee:    **Legacy Concepts, a Texas nonprofit corporation**

    Final Maturity Date:    **January 6, 2025**

Terms of Payment (optional):

**Bearing interest from date thereof at the rate of 8% per annum, principal and interest being due and payable in 48 equal monthly installments in the amount of Five Hundred Thirteen and 64/100 Dollars ($513.64) each, with each installment to include both principal and interest, with the first of such installments being due and payable on or before February 1, 2021, and a like and similar installment being due and payable on or before the 1st day of each and every succeeding month thereafter until the expiration of four (4) years from date hereof, when the entire amount hereof, principal and interest then remaining unpaid, shall be then due and payable in full; Installments on this note shall be computed based on a 30 year amortization schedule, although the unpaid principal and accrued interest shall mature at the expiration of 4 years; said note provides that Makers shall have the right to make prepayments of principal and interest without penalty;**

Case 25-44673-elm13 Claim 6-1 Filed 02/24/26 Desc Main Document Page 2 of 5
Case 25-44673-elm13 Claim 6-3 Part 3 Filed 02/24/26 Exhibit Deed of Trust Page 2 of 5
Movant's Exhibit C

Property (including any improvements):

Being 24.01 acres of land situated in the George Peirman Survey, A-672, Red River County, and being part of a called 1,219.582 acre tract conveyed to Liberty Bankers Life Insurance Company in a deed recorded in Volume 739, Page 238, Red River County Official Public Records (RRCOPR), said 24.01 acre tract being more particularly described by metes and bounds as follows as shown on the plat prepared by MTX Surveying, LLC on file as Job No. 18-012, Dwg. No. 18012-10, (Bearing Basis: SPC Texas North Central 4202, NAD83, GRID):

BEGINNING at a found concrete right of way monument in the east right of way of F.M. 1159, being the northwest corner of this tract same being the most western southwest corner of a 35.03 acre "Tract # 9" surveyed this same date, from which a ½ inch iron rod found at the northwest corner of said 1,219.582 acre tract, and being situated at the intersection of the east right of way line of Farm to Market Road 1159, and the south margin of County Road 3240 bears N 21° 31' 31" E, 1,365.08 feet;

THENCE S 68° 00' 49" E, along the most western south line of said 35.03 acre "Tract # 9" and across said 1,219.582 acre tract, 2,628.72 feet to a ½" iron rod with plastic cap stamped "MTX Surveying" set at the northeast corner of this tract, same being an ell corner of said 35.03 acre "Tract # 9";

THENCE S 21° 31' 38" W, across said 1,219.582 acre tract and with the most southern west line of said 35.03 acre "Tract # 9", 400.00 feet to a ½" iron rod with plastic cap stamped "MTX Surveying" set for the southeast corner of this tract and the northeast corner of a 23.77 acre "Tract # 11", surveyed this same date;

THENCE N 68° 00' 49" W, across said 1,219.582 acre tract, and with the north line of said "Tract # 11", 2,600.82 feet to a ½" iron rod with plastic cap stamped "MTX Surveying", set for the southwest corner of this tract and the northwest corner of said "Tract # 11", same being in the east right of way of F.M. 1159, from which a found concrete right of way monument bears    S 17°32'24"W, 121.01 feet;

THENCE N 17° 32' 24" E, along the west line of this tract and the east right of way of F.M. 1159, 401.19 feet to the PLACE OF BEGINNING and containing 24.01 acres of land, more or less.

Prior Lien(s) (including recording information):

Other Exceptions to Conveyance and Warranty:

a. Any easements shown of record in the office of the County Clerk of Red River County, Texas.

b. There is hereby excepted only such royalty interests and/or interests in the oil, gas and other minerals as have heretofore been reserved or conveyed or that do not belong to the Grantors herein.

c. Any restrictive covenants and/or building and zoning ordinances affecting the herein described property.

For value received and to secure payment of the note, Grantor conveys the property to Trustee in trust. Grantor warrants and agrees to defend the title to the property. If Grantor performs all the covenants and pays the note according to its terms, this deed of trust shall have no further effect, and Beneficiary shall release it at Grantor's expense.

Grantor's Obligations

Grantor agrees to:
1. keep the property in good repair and condition;
2. pay all taxes and assessments on the property when due;
3. preserve the lien's priority as it is established in this deed of trust;
4. maintain, in a form acceptable to Beneficiary, an insurance policy that:
    a. covers all improvements for their full insurable value as determined when the policy is issued and renewed, unless Beneficiary approves a smaller amount in writing;
    b. contains an 80% coinsurance clause;
    c. provides fire and extended coverage, including windstorm coverage;
    d. protects Beneficiary with a standard mortgage clause;
    e. provides flood insurance at any time the property is in a flood hazard area; and
    f. contains such other coverage as Beneficiary may reasonably require;

....... 5. comply at all times with the requirements of the 80% coinsurance clause;
....... 6. deliver the insurance policy to Beneficiary and deliver renewals to Beneficiary at least ten days before expiration;
....... 7. keep any buildings occupied as required by the insurance policy; and
....... 8. if this is not a first lien, pay all prior lien notes that Grantor is personally liable to pay and abide by all prior lien instruments.

Beneficiary's Rights

....... 1. Beneficiary may appoint in writing a substitute or successor trustee, succeeding to all rights and responsibilities of Trustee.
....... 2. If the proceeds of the note are used to pay any debt secured by prior liens, Beneficiary is subrogated to all of the rights and liens of the holders of any debt so paid.
....... 3. Beneficiary may apply any proceeds received under the insurance policy either to reduce the note or to repair or replace damaged or destroyed improvements covered by the policy.
....... 4. If Grantor fails to perform any of Grantor's obligations, Beneficiary may perform those obligations and be reimbursed by Grantor on demand at the place where the note is payable for any sums so paid, including attorney's fees, plus interest on those sums from the dates of payment at the rate stated in the note for matured, unpaid amounts. The sum to be reimbursed shall be secured by this deed of trust.
....... 5. If Grantor defaults on the note or fails to perform any of Grantor's obligations or if default occurs on a prior lien note or other instrument, and the default continues after Beneficiary gives Grantor notice of the default and the time within which it must be cured, as may be required by law or by written agreement, then Beneficiary may:
    ......a. declare the unpaid principal balance and earned interest on the note immediately due;
    ......b. request Trustee to foreclose this lien, in which case Beneficiary or Beneficiary's agent shall give notice of the foreclosure sale as provided by the Texas Property Code as then amended; and
    ......c. purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited on the note.

    6. If all or any part of the property described herein is sold or conveyed by Grantor without first obtaining the written consent of Beneficiary, Beneficiary shall have the right, at its option, to declare all unpaid principal, plus accrued interest, immediately due and payable on the Note secured by this Deed of Trust. Beneficiary shall have the right, as a prerequisite to its consent to any sale or conveyance, to require an increase in the rate of interest due and owing under the terms of said Note.

    7. This conveyance is also made in trust to secure and enforce the payment of all other indebtedness of the Makers of said Note to Beneficiary presently existing or which may in any manner or means hereafter be incurred by the Makers of said Note and evidenced in any manner whatsoever, either by notes, advances, overdrafts, bookkeeping entries or any other method or means, it being expressly agreed and understood that any and all sums now owed to or hereafter advanced by said Beneficiary to the Makers of said Note shall be payable at Legacy Concepts, a Texas nonprofit corporation, and shall bear interest as may be provided in such Notes or other evidences of indebtedness given by the Makers of said Note to said Beneficiary; and this instrument is also executed for the purpose of securing and enforcing the payment of any renewal and extension of any note or of any part of the said indebtedness of the Makers of said Note, and including any future loans and advancements made by said Beneficiary to the Makers of said Note under the provisions hereof. The fact of repayment of all indebtedness of the Makers of said Note to said Beneficiary shall not terminate this mortgage unless the same be so released by said Beneficiary at the request of the Makers of said note, but otherwise it shall remain in full force and effect to secure all future advances and indebtedness, regardless of any additional security that may be taken as to any part of the future indebtedness, and shall be unaffected by any renewals, extensions or partial releases hereunder.

Trustee's Duties

If requested by Beneficiary to foreclose this lien, Trustee shall:
....... 1. either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then amended;
....... 2. sell and convey all or part of the property to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to other exceptions to conveyance and warranty; and
....... 3. from the proceeds of the sale, pay, in this order:
    ......a. expenses of foreclosure, including a commission to Trustee of 5% of the bid;
    ......b. to Beneficiary, the full amount of principal, interest, and attorney's fees, and other charges due and unpaid;
    ......c. any amounts required by law to be paid before payment to Grantor; and
    ......d. to Grantor, any balance.

General Provisions

1. If any of the property is sold under this deed of trust, Grantor shall immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor shall become a tenant at sufferance of the purchaser, subject to any action for forcible detainer.
2. Recitals in any Trustee's deed conveying the property will be presumed to be true.
3. Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.
4. This lien shall be superior to liens later created even if the time of payment of all or part of the note is extended or part of the property is released.
5. If any portion of the note cannot be lawfully secured by this deed of trust, payments shall be applied first to discharge that portion.
6. Grantor assigns to Beneficiary all sums payable to or received by Grantor from condemnation of all or part of the property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the property. After deducting any expenses incurred, including attorney's fees, Beneficiary may release any remaining sums to Grantor or apply such sums to reduce the note. Beneficiary shall not be liable for failure to collect or to exercise diligence in collecting any such sums.
7. Grantor assigns to Beneficiary absolutely, not only as collateral, all present and future rent and other income and receipts from the property. Leases are not assigned. Grantor warrants the validity and enforceability of the assignment. Grantor may as Beneficiary's licensee collect rent and other income and receipts as long as Grantor is not in default under the note or this deed of trust. Grantor will apply all rent and other income and receipts to payment of the note and performance of this deed of trust, but if the rent and other income and receipts exceed the amount due under the note and deed of trust, Grantor may retain the excess. If Grantor defaults in payment of the note or performance of this deed of trust, Beneficiary may terminate Grantor's license to collect and then as Grantor's agent may rent the property if it is vacant and collect all rent and other income and receipts. Beneficiary neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the property. Beneficiary may exercise Beneficiary's rights and remedies under this paragraph without taking possession of the property. Beneficiary shall apply all rent and other income and receipts collected under this paragraph first to expenses incurred in exercising Beneficiary's rights and remedies and then to Grantor's obligations under the note and this deed of trust in the order determined by Beneficiary. Beneficiary is not required to act under this paragraph and acting under this paragraph does not waive any of Beneficiary's other rights or remedies. If Grantor becomes a voluntary or involuntary bankrupt, Beneficiary's filing a proof of claim in bankruptcy will be tantamount to the appointment of a receiver under Texas law.
8. Interest on the debt secured by this deed of trust shall not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law; any interest in excess of that maximum amount shall be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this and all other instruments concerning the debt.
9. When the context requires, singular nouns and pronouns include the plural.
10. The term *note* includes all sums secured by this deed of trust.
11. This deed of trust shall bind, inure to the benefit of, and be exercised by successors in interest of all parties.
12. If Grantor and Maker are not the same person, the term *Grantor* shall include Maker.
13. Grantor represents that this deed of trust and the note are given for the following purposes:

The indebtedness, the payment of which is hereby secured, is in part payment of the purchase price of the real property herein described, and is also secured by a Vendor's Lien thereon retained in Deed of even date herewith to the undersigned, and this Deed of Trust is given as additional security for the payment of said indebtedness.

_____
Arthur Benner

_____
Tammy Evans Benner

STATE OF TEXAS

COUNTY OF RED RIVER

This instrument was acknowledged before me on the \_\_8\_\_ day of **January 2021**, by **Arthur Benner and Tammy Evans- Benner**.

[Notary Seal: CHRISTINA S. WITMER, Notary Public, STATE OF TEXAS, ID#12572112-0, My Comm. Exp. June 9, 2022]

_____
Notary Public, State of Texas

AFTER RECORDING RETURN TO:

Grantee

PREPARED IN THE LAW OFFICE OF:

Gooding & Gooding
Attorneys at Law
228 North Walnut
Clarksville, Texas  75426