

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED
THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed February 26, 2026

_____
**United States Bankruptcy Judge**
_____

# United States Bankruptcy Court
### Northern District of Texas
### Fort Worth Division

| | |
|---|---|
| In re:<br>Arthur Ray Benner,<br><br>Debtor.<br><br>Legacy Concepts,<br>Movant,<br><br>v.<br><br>Arthur Ray Benner, Debtor, and Pam Bassel,<br>Chapter 13 Trustee,<br>Respondents. | Case No. 25-44673-elm13<br><br>Chapter 13<br><br><br>*A Contested Matter*<br><br><br>*Final Hearing Held:*<br>*February 25, 2026, at 1:30 p.m.* |

### ORDER CONDITIONING THE AUTOMATIC STAY WITH RESPECT TO CREDITOR LEGACY CONCEPTS AND THE CLARKSVILLE PROPERTY

CAME ON FOR CONSIDERATION the Motion for Relief from Automatic Stay and for Relief from the Codebtor Stay Regarding Unimproved Real Property in Clarksville, Texas ("Motion") filed by Legacy Concepts ("Movant") regarding unimproved real property located in Clarksville, Texas ("Property"). The Court, having reviewed the Motion, the responses or

objections filed, and having considered the arguments of counsel, finds that good cause exists to condition continuation of the automatic stay:

It is therefore **ORDERED, ADJUDGED, AND DECREED** that:

1. Relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2) is DENIED WITHOUT PREJUDICE.

2. The Court finds cause exists under 11 U.S.C. § 362(d)(1) to condition continuation of the automatic stay to ensure adequate protection of Legacy Concepts' interest in the real property located in Clarksville, Texas (as defined in the Motion).

3. The automatic stay shall remain in effect provided that the Debtor strictly complies with the following conditions:

    a. The Debtor shall timely make all payments required under the confirmed or proposed Chapter 13 plan to the Chapter 13 Trustee.

    b. If the Debtor fails to make any required Trustee payment, counsel for Legacy Concepts may serve a written Notice of Default Debtor's counsel at sean@ackerwarren.com.

    c. The Debtor shall have ten (10) days from service of the Notice of Default to cure the default in full.

4. If the Debtor fails to timely cure a noticed default, the automatic stay shall automatically terminate as to Legacy Concepts without further order of the Court upon the filing of a certificate of default by the Movant.

5. Upon the occurrence of a third payment default, whether or not cured, the automatic stay shall terminate automatically and permanently as to Legacy Concepts without further notice or hearing.

6. In the event this bankruptcy case is dismissed, converted, or otherwise terminated, relief granted herein shall be **in rem in nature** as to the Property, and Legacy Concepts may proceed with its state-law remedies without further order of this Court.

7. The relief granted herein shall be **effective immediately upon entry** of this Order, and the fourteen-day stay under Federal Rule of Bankruptcy Procedure 4001(a)(3) is waived.

### END OF ORDER ###

| Prepared by: | Approved as to form only: |
|---|---|
| /s/ Clayton L. Everett | /s/ Sean Acker |
| Clayton L. Everett | Sean Acker |
| State Bar No. 24065212 | State Bar No. 24069273 |
| clayton@norredlaw.com | sean@ackerwarren.com |
| Norred Law, PLLC | Acker Warren, P.C. |
| 515 E. Border St. | PO Box 171327 |
| Arlington, Texas 76010 | Arlington, TX 76003 |
| Telephone: (817) 704-3984 | 817-752-9033 – telephone |
| Fax: (817) 524-6686 | 817-717-2083 – facsimile |
| Attorney for Movant | Attorney for Debtor/Respondent |