Russell A. Devenport
Texas Bar No. 24007109
H. Dustin Fillmore IV
Texas Bar No. 24105858
MCDONALD SANDERS, P.C.
777 Main Street, Suite 2700
Fort Worth, Texas 76102
Telephone:       (817) 336-8651
Facsimile:       (817) 334-0271

ATTORNEYS FOR CREDIT UNION OF TEXAS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-44673 |
| | § | |
| ARTHUR RAY BENNER, | § | CHAPTER 13 |
| | § | |
| DEBTOR. | § | |

## OBJECTION TO CONFIRMATION OF DEBTOR'S AMENDED CHAPTER 13 PLAN

NOW COMES Credit Union of Texas ("Creditor"), a secured creditor in the above-entitled and numbered bankruptcy proceeding, and files this Objection to Confirmation of Debtor's Amended Chapter 13 Plan (ECF #73) (the "Amended Plan"), and in support thereof would respectfully show the Court the following:

### Factual Background

1.      Creditor is the holder of a secured claim against Debtor Arthur Ray Benner ("Debtor") in connection with a certain Loan and Security Agreements and Disclosure Statement dated May 9, 2022 ("Chevrolet Contract"), signed by Debtor as borrower, and secured by a 2019 Chevrolet Silverado 1500 (VIN 1GCPYFED1KZ299972) ("Chevrolet Vehicle"). Pursuant to the Chevrolet Contract, Creditor loaned Debtor an original principal amount of $48,685.35, bearing interest at 6.990% per annum, to be paid in seventy-seven (77) monthly payments of $843.25 each, with a final payment of $842.82 due on December 22, 2028, for seventy-eight (78) total

payments. *See* Exhibit A, Chevrolet Contract. The Chevrolet Contract also contains a security agreement, pursuant to which Debtor granted Creditor a security interest in the Chevrolet Vehicle to secure his compliance with the Chevrolet Contract. *See id.* at 3–5. Creditor's lien on the Chevrolet Vehicle has been perfected by notation of lien on the Texas Certificate of Title. *See* Exhibit B, Title and Registration Verification of the Chevrolet Vehicle.

2.      Creditor is the owner and holder of the Chevrolet Contract and is entitled to receive all payments due and owing thereunder and to enforce the terms thereof.

3.      As of the bankruptcy filing date of December 1, 2025 (the "Petition Date"), Creditor's secured claim regarding the Chevrolet Vehicle was in the amount of $39,017.71, including past due amounts of $1,686.50, as shown by Creditor's Proof of Claim related to the Chevrolet Vehicle filed in this case. *See generally* Claims Register No. 6-1. Interest, late fees, and attorney's fees and expenses have continued to accrue after the Petition Date, however, and Creditor reserves all rights to collect such amounts.

4.      Debtor identifies Creditor as a secured creditor in connection with the Chevrolet Vehicle in his amended schedules. *See* Sched. A/B at line 3.1, Sched. D at line 2.1 (ECF #37).

5.      Debtor further mentions Creditor's claim related to the Chevrolet Vehicle in his Amended Plan. Specifically, the Amended Plan references a claim of Creditor in the amount of $39,017.71 regarding the Chevrolet Vehicle in Section I.E(1)A, stating the value of the Chevrolet Vehicle as $31,550.00, with the secured portion of Creditor's claim to be paid at an interest rate of 6.99%, with an initial payment on month seven (7) of the Amended Plan's term of $2,291.32 and remaining monthly payments during months 8 through 50 in the amount $808.68, and with the unsecured portion of Creditor's claim to be addressed under Section I.J of the Amended Plan. *See* Amended Plan at Sections I.E(1)A, I.J.

### Objections to Plan Confirmation

6.      Creditor makes the following objections to the Amended Plan:

   a.      Equal Payments. Creditor objects to the Amended Plan because it provides for payment of Creditor's claim secured by the Chevrolet Vehicle in amounts that vary over months 7–50 of the Amended Plan's term. *See* Plan at Section I.E(1)(A). Under 11 U.S.C. § 1325(a)(5), periodic payments distributed with regard to secured claims must be in equal monthly amounts. *See* 11 U.S.C. § 1325(a)(5)(B)(iii)(I); *see also In re White*, 564 B.R. 883, 887–88 (Bankr. W.D. La. 2017); *In re Romero*, 539 B.R. 557, 559–60 (Bankr. E.D. Wis. 2015).

WHEREFORE, PREMISES CONSIDERED, Creditor Credit Union of Texas prays that confirmation of the Debtor's Amended Chapter 13 Plan be denied, or in the alternative, the Debtor's Chapter 13 Amended Plan be modified to provide for equal monthly payments of the secured portion of the Creditor's claim secured by the Chevrolet Vehicle, as described above. Creditor additionally prays for such other and further relief to which it may be entitled.

Dated: April 6, 2026.

Respectfully submitted,

*/s/ H. Dustin Fillmore IV*
Russell A. Devenport
Texas Bar No. 24007109
H. Dustin Fillmore IV
Texas Bar No. 24105858
McDONALD SANDERS, P.C.
777 Main Street, Suite 2700
Fort Worth, Texas 76102
(817) 336-8651 telephone
(817) 334-0271 facsimile
rad@mcdonaldlaw.com
hdf@mcdonaldlaw.com

ATTORNEYS FOR
CREDIT UNION OF TEXAS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon all parties in interest below by first class mail or electronic notice and upon any others requesting and receiving notice through the ECF system.

*/s/ H. Dustin Fillmore IV*
H. Dustin Fillmore IV

**DEBTOR (via First Class Mail)**
Arthur Ray Benner
7728 Marble Canyon Dr
Fort Worth, TX 76137

**DEBTOR'S COUNSEL (via Electronic Notice)**
Sean Acker
Acker Warren, P.C.
2205 W. Division St., Suite A-2
Arlington, TX 76012

**CHAPTER 13 TRUSTEE (via Electronic Notice)**
Pam Bassel
Office of the Standing Chapter 13 Trustee
860 Airport Freeway, Suite 150
Hurst, Texas 76054

I:\10985\0201\18D3239.DOC