CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 8, 2026**

**United States Bankruptcy Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

**IN RE:** **CASE NO.: 25-44673-ELM-13**

**ARTHUR RAY BENNER SR**
AKA: ART BENNER
7728 MARBLE CANYON DR
FORT WORTH, TX 76137
SSN/TIN: XXX-XX-3347

**DEBTOR**

# ORDER CONFIRMING CHAPTER 13 PLAN, VALUING COLLATERAL, ALLOWING DEBTOR'S ATTORNEY'S FEES, PROVIDING FOR A TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS AND OTHER RELATED MATTERS

**(WITH REVISIONS TO THE PLAN AS SPECIFIED HEREIN)**

On this day came for consideration confirmation of Debtor's Chapter 13 Plan filed on April 29, 2026. The Court FINDS:

That the Plan should be confirmed based on the resolution of disputed issues by stipulation, letter agreement, or agreed order which has been incorporated into the terms of this order;

That twenty-eight (28) days' notice was appropriately given to all creditors;

That the Debtor's Chapter 13 Plan ("Plan") complies with all applicable provisions of Title 11 of the United States Code;

That any fee, charge, or amount required under the United States Code or by the Plan to be paid before Confirmation has been paid;

That the Plan has been proposed in good faith and not by any means forbidden by law;

That the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor was liquidated under Chapter 7 of Title 11 of the United States Code on such date;

That, with respect to each allowed secured claim provided for by the Plan - (1) the holder of such claim has accepted the plan or (2) the Plan provides (a) that the holder of such claim retain the lien securing such claim until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under § 1328 and, if the case is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law and (b) the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of such claim is not less than the allowed amount of such claim and (c) if the property to be distributed is in the form of periodic payments, such payment shall be in equal monthly amounts and, if the holder of the claim is secured by personal property, the amount of such payment is not less than an amount sufficient to provide the holder of such claim adequate protection during the period of the plan or (3) the Debtor surrenders the property securing such claim to the holder.

That the action of the Debtor in filing the petition was in good faith;

That the Debtor has paid all amounts that are required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition, if the Debtor is required by a judicial or administrative order or by statute to pay such Domestic Support Obligation;

That the Debtor has filed all applicable Federal, State, and local tax returns as required by §1308 of Title 11 of the United States Code;

That no objection to Confirmation has been filed by the Standing Chapter 13 Trustee or any unsecured creditor, or if so, that as of the effective date of the Plan - (a) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim or (b) the Plan provides, at a minimum, that all of the Debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the Plan will be applied to make payments to unsecured creditors under the Plan.

That Confirmation of the Debtor's Plan and the Valuation set forth therein have been recommended by the Standing Chapter 13 Trustee; and

That no further operating reports are necessary or required to be filed with the Standing Chapter 13 Trustee.

**IT IS THEREFORE ORDERED** that the Debtor's Chapter 13 Plan filed on or about April 29, 2026 is confirmed.

**IT IS FURTHER ORDERED** that the Debtor shall pay the following:

TO THE TRUSTEE THE SUM OF $250.00 PER MONTH FOR THE FIRST 2 MONTHS; $2,835.00 PER MONTH FOR THE NEXT 8 MONTHS; $5,782.00 FOR THE NEXT MONTH; $2,857.00 PER MONTH FOR THE NEXT 46 MONTHS; $2,835.00 PER MONTH FOR THE FINAL 3 MONTHS FOR A TOTAL OF $168,889.00 IN 60 MONTHS.

**IT IS THEREFORE ORDERED** that the Debtor's first plan payment to the Trustee is due 30 days from the date of filing the Bankruptcy Petition or converting to Chapter 13, if applicable, and shall be due monthly thereafter.

**CASE NO. 25-44673-ELM**
**DEBTOR: ARTHUR RAY BENNER SR**

**IT IS FURTHER ORDERED** that allowed non-priority unsecured claims will be paid pro rata no less than the greater of (1) an unsecured creditor's pool of $0.00, or (2) the value of Debtor's equity in non-exempt property of $6,118.00 reduced by the payment of allowed administrative expenses and allowed priority claims.

**IT IS FURTHER ORDERED** that, if applicable, cause exists to extend the term of the Plan beyond 36 months but not more than 60 months.
**IT IS FURTHER ORDERED** that the Debtor's attorney, ACKER WARREN PC, is allowed a total fee of $45.00, with $0.00 to be paid through the Plan by the Trustee unless additional fees are allowed during the case.

**IT IS FURTHER ORDERED** that for purposes of distribution under the Plan and §§ 506 and 1325 (a)(5) of the Bankruptcy Code, the **value** of collateral securing any claim herein, **annual percentage rate** and **treatment** of the claim secured thereby is as set forth in Section I, Paragraphs "E", "F", and "G" of the Debtor's Chapter 13 Plan (containing a Motion for Valuation) herein confirmed, except:

| CREDITOR NAME | COMMENT | CLAIM AMOUNT | COLL. VALUE | ANNUAL PERCENTAGE RATE | TREATMENT (Monthly Payment, Direct, Surrender, Late Filed or ProRata) | MORTGAGE MONTHS IN PLAN |
|---|---|---|---|---|---|---|
| CREDIT UNION OF TEXAS | 2019 CHEVROLET SILVERADO | $39,017.71 | $31,550.00 | 6.99% | $690.00 | |
| RED RIVER CAD | 24.01 ACRES FM 1159/25 | $37.55 | $88,237.00 | 12.00% | ProRata | |

**IT IS FURTHER ORDERED** that Executory Contracts and Unexpired Leases shall be treated as set forth in Section I, Paragraph "K" of the Debtor's Chapter 13 Plan (containing a Motion for Valuation) herein confirmed, except:

| § 365 Party | ASSUME/ REJECT | CURE AMOUNT | TERM (APPROXIMATE) | TREATMENT |
|---|---|---|---|---|
| | | $0.00 | | |

**IT IS FURTHER ORDERED** that the valuation of collateral subject to a 910 claim or listed as "Direct" is not res judicata, collateral estoppel or law of the case as to any party.

**IT IS FURTHER ORDERED** that if a Claim is not paid during the term (Approximate) shown in Section I, Paragraphs D.(1), D.(3), E, H and or I of the Plan, the Trustee shall continue to pay the Claim until it is paid in full.

**IT IS FURTHER ORDERED** that the Trustee is authorized to receive, endorse and apply to any delinquent payments under the Plan, any Income Tax Refund payable to the Debtor during the pendency of this case, and apply any Income Tax Refund in excess of $2,000.00 per year pro rata to the Debtor's allowed general unsecured creditors, per the Standing Order Concerning All Chapter 13 Cases ("General Order"). Further, and regardless of any Income Tax Refund amounts due to the Debtor or received by the Trustee, unless otherwise ordered by the Court, the Debtor shall provide a copy of their federal income tax return to the Trustee within 14 days of filing such during the term of the Plan.

**IT IS FURTHER ORDERED** in addition to the provisions of Section II, paragraph T of the Plan, that unless otherwise ordered by the Court, unscheduled and/or undisclosed property as well as after acquired property pursuant to § 1306(a)(1) shall not re-vest in Debtor upon confirmation.

**IT IS FURTHER ORDERED** that the Debtor shall not dispose of or encumber any non-exempt property prior to discharge without consent of the Trustee or order of the Court after notice to the Trustee and all creditors.

**IT IS FURTHER ORDERED** that the Standing Chapter 13 Trustee is hereby discharged from any liability from the operation of the Debtor's business and from any further duty to investigate the business of the Debtor or to require further operating reports from the Debtor.

**IT IS FURTHER ORDERED** that pursuant to the General Order, as soon as practicable after the governmental claims bar date, the Trustee shall prepare and serve on Debtor, Debtor's counsel, all creditors who were scheduled, all creditors who filed claims and any party that has filed a Notice of Appearance, a Trustee's Recommendation Concerning Claims ("TRCC") and notice of hearing and pre-hearing conference thereon. The TRCC may be deemed in part to be an Objection to Claims. Objections to the TRCC shall be filed within thirty (30) days from the date of service of the TRCC. Unless an Objection is timely filed as to the amount or class of any claim, the claim will be allowed or approved only as described in the TRCC, and such amount and any class designation will be binding on all parties without further order of the court. All unresolved objections to the TRCC shall be deemed waived if not timely filed or if the proponent of any such objection fails to attend the Trustee's pre-hearing conference or give the Trustee prior written notice that a hearing is necessary.

**IT IS FURTHER ORDERED** that nothing herein or in the Plan shall determine the **allowed amount** or **class** of any claim which matters are hereby reserved until after the applicable claims bar date and after the Trustee's Recommendation Concerning Claims has been filed. Valuation of collateral, interest rate, and treatment of claims shall be as provided in the Plan or herein.

IT IS FURTHER ORDERED that the payments and base shall be increased at confirmation to make the plan sufficient to provide for the secured creditors with set monthly payments.

IT IS FURTHER ORDERED that to the extent the actual ultimate value of the CLAIM AGAINST LEGACY CONCEPTS exceeds $1.00 such excess shall be paid over to the Trustee for distribution to unsecured creditors, added to the unsecured creditor pool and base amount of the Plan, unless otherwise ordered by the Court after notice and opportunity for hearing to all parties in interest, including the Chapter 13 Trustee.

**IT IS FURTHER ORDERED** that priority and unsecured creditors shall receive interest at the legal rate from the petition date (priority first, then unsecured second) to the extent of Debtor's equity in non-exempt property, less trustee's fees, exceeds the principal amount of allowed priority and unsecured claims, pursuant to §§ 1325 (a)(4) and 726(a)(5) of the Bankruptcy Code.

# # # END OF ORDER # # #